IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **UNITED STATES SPECIALTY** § <br> **INSURANCE COMPANY** § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **PREFERRED LANDSCAPE &** § <br> **IRRIGATION AND CHARLES** § <br> **HARRELL, JR.,** § <br> § <br> *Defendants*. § | Civil Action No. 4:18-cv-00056 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff United States Specialty Insurance Company (the "**Surety**") complains of Preferred Landscape & Irrigation and Charles Harrell, Jr. (collectively, the "**Defendants**") and respectfully states as follows:

### I.    PARTIES

1. Plaintiff United States Specialty Insurance Company is a California corporation that is authorized to do business in the state of Texas.

2. Defendant Preferred Landscape & Irrigation is a Texas Sole Proprietorship with its principal place of business in Fort Worth, Texas. Preferred Landscape & Irrigation may be served with process through its owner, Charles Harrell, Jr. at 2521 Weaver Street, Suite A, Fort Worth, Texas 75117, or wherever he may be found.

3. Defendant Charles Harrell, Jr., an individual resident of the state of Texas, may be served with process at 2521 Weaver Street, Suite A, Fort Worth, Texas 76117 or wherever he may be found.

## II.  STATEMENT OF JURISDICTION

4. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.  VENUE

5. Venue is proper in this district under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV.  FACTUAL BACKGROUND

6. The Surety issued performance and payment bonds on behalf of Preferred Landscape & Irrigation ("**PLI**") pursuant to PLI's subcontract with SDB Contracting Services ("**SBD**") for landscape work at the University of North Texas/Fraternity Row in Denton, Texas (the "**Project**"). The performance bond issued by the Surety is identified as Bond No. 1000847291 (the "**Bond**").

7. On or about November 30, 2016, to induce the Surety to issue the Bond, the Defendants executed a *Quick'N EZ General Indemnity Agreement* (the "**Indemnity Agreement**") in favor of the Surety for any and all loss or expenses the Surety incurs from issuing the Bond. A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "A" and fully incorporated herein for all purposes.

8. Subsection A of the Indemnity provision of the Indemnity Agreement provides, in pertinent part, the following:

> The Undersigned agrees to defend, indemnify, and save harmless Surety from and against any and all demands, liabilities, costs, penalties, obligations, interest, damages and expenses of whatever nature or kind, including but not limited to attorneys' fees (including those of both outside and in-house attorneys); and costs and fees incurred in investigation of claims or potential claims, adjustments of claims, procuring or attempting

to procure the discharge of bond, or attempting to recover losses or expenses from the undersigned or third parties, whether Surety shall have paid out any such sums.

9. On February 1, 2017, SDB issued a 48 Hour Notice to Cure Default/Breach of Contract to PLI. On February 27, 2017, SDB issued a formal notice of termination of contract to PLI. SDB subsequently made demand on the Surety to complete the Project pursuant to the terms and conditions of the Bond. To mitigate loss under Bond, the Surety settled the claim of SDB against the Bond for $102,900.05. The settlement enabled the Project to be completed and the Surety to be released from future obligations under the Bond.

10. The Surety issued a written demand to the Defendants on November 10, 2017, to remit payment to the Surety in the amount of $102,900.05 to reimburse the Surety for actual loss incurred under the Bond through November 10, 2017. A true and correct copy of the November 10, 2017 demand is attached hereto as Exhibit "B" and fully incorporated herein for all purposes.

11. The Defendants failed and refused, and continue to fail and refuse, to comply with the demands of the Surety.

12. As of the filing of this Original Complaint, the Surety estimates a loss under the Bond in excess of $110,000.00.

13. All conditions precedent to recovery by the Surety from the Defendants have occurred or have been performed.

## CAUSES OF ACTION

### Count I – Breach of Indemnity Agreement

14. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 13.

15. PLI failed, delayed, refused, or was unable to complete the Project for which the Bond was issued.

16. Despite demand, the Defendants failed and/or refused to pay the Surety an amount sufficient to reimburse Surety for losses incurred by Surety from issuing the Bond.

17. The wrongful acts of the Defendants set forth in paragraphs 15 and 16 constitute independent defaults and breaches of the Indemnity Agreement.

18. Under the Indemnity Agreement, the Defendants are jointly and severally liable to the Surety for all of the Surety's loss and expense, including attorney fees, in connection with the claim on the Bond.

## Count II – Common Law Indemnity

19. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 20.

20. The Surety has been called upon as a surety for PLI to complete performance of PLI's work on the Project and/or to pay for PLI's alleged defaults under the Bond.

21. PLI benefitted from the Surety's posting of the Bond, as PLI could not have performed the Subcontract for which the Bond was issued without the Bond.

22. Under the theories of common law indemnity, unjust enrichment, and restitution, the Surety is entitled to payment by the Defendants for all of the Surety's loss and expense resulting from issuance of the Bonds.

## Count IV – Recovery of Attorney Fees and Expenses

23. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 22.

24. The Surety is entitled to recover attorneys' fees and expenses under the Indemnity Agreement or, alternatively, under § 38.001, *et seq.* of the Texas Civil Practice & Remedies Code.

## V.   REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff United States Specialty Insurance Company respectfully requests that PLI and Charles Harrell, Jr. be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1. Judgment against the Defendants, jointly and severally, in the amount of damages incurred by the Surety;
2. Attorney fees and expenses;
3. Pre- and post-judgment interest at the maximum rate permissible at law or in equity;
4. Costs of court; and
5. Such other and further relief to which the Surety may be justly entitled.

Respectfully submitted,

**WEINSTEIN RADCLIFF PIPKIN LLP**

*/s/ Gregory M. Weinstein*
Gregory M. Weinstein
State Bar No. 21096430
Jacob L. McBride
State Bar No. 24070231
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
214-865-6126 Telephone
214-865-6140 Facsimile
gweinstein@weinrad.com
jmcbride@weinrad.com

**ATTORNEYS FOR PLAINTIFF UNITED STATES SPECIALTY INSURANCE COMPANY**